# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARGIS SARKIZI, | Case No. 1:13-cv-1435-AWI-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** |
| v. | (Docs. 22, 23) |
| GRAHAM PACKAGING COMPANY and Does 1-25, | |
| Defendants. | |

## I. INTRODUCTION

On May 1, 2014, Plaintiff Sargis Sarkizi ("Plaintiff") filed a motion for leave to file a first amended complaint ("FAC"). (Doc. 22.) On May 14, 2014, Defendants Graham Packaging Company and Does 1-25 ("Defendants") filed an opposition to Plaintiff's motion. (Doc. 23.) Plaintiff filed a reply to the opposition on May 28, 2014. (Doc. 24.)

The Court has reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion to file a FAC is GRANTED.

## II. PROCEDURAL HISTORY

On July 31, 2013, Plaintiff filed a complaint against Defendants in the Superior Court of California in Stanislaus County, alleging four causes of action related to his termination of employment by Defendants in August of 2011. (Doc. 1.) Plaintiff brought claims for wrongful termination in violation of public policy, violation of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. On September 6, 2013, Defendants removed the case to the U.S. District Court, Eastern District of California. (Doc. 1.)

## III. DISCUSSION

The parties participated in a scheduling conference with the Court on January 30, 2014. The Court issued a scheduling order on February 10, 2014, which provides that "[a]ny motions or stipulations requesting leave to amend the pleadings must be filed by no later than April 30, 2014." (Doc. 19, 3.) The parties were advised that "[a]ll proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule . . . and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile." (Doc. 19, 3:11-16 (citations omitted).)

**A.  Plaintiff Exhibited Diligence and Good Cause as Required under Federal Rule of Civil Procedure 16(b)**

   **1.  Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, see *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

**2.   Analysis**

Because a scheduling order was issued in this action (Doc. 19), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests on whether the party seeking the modification has been diligent. *See Johnson*, 975 F.2d at 609. Here, Plaintiff did not file this motion within the time constraints set forth by the Court in the scheduling order (Doc. 19, 2:9-11), which set a deadline of April 30, 2014; Plaintiff instead filed the motion on May 1, 2014. Despite Plaintiff's failure to request a modification to the scheduling order or address why his motion was not timely filed, the Court finds good cause to modify the scheduling order.

Plaintiff seeks to amend the complaint based on information contained in Plaintiff's employee file, received April 28, 2014, which provides new statutory bases for Plaintiff's claims. (Doc. 22-1, 7; Doc. 24, 2-3.) Plaintiff's counsel made clear during the meet and confer discussions prior to the parties' scheduling conference that Plaintiff reserved the right to amend pleadings if information uncovered during discovery suggested amendment would be necessary.

3

(Doc. 22-1, Ex. 2, 3.) On March 10, 2013, Plaintiff served Defendants with written discovery requests. (Doc. 22-1, 5.) On April 1, 2014, Defendants requested an extension to respond to discovery, which Plaintiff granted. *Id.* In the same email granting Defendants' request for a discovery extension, Plaintiff requested that Defendants supply a courtesy copy of Plaintiff's employee file. (Doc. 22-1, Ex. 3, 1.) However, Defendants did not provide the file until April 28, 2014. (Doc. 22-1, 5.) Plaintiff was thereafter unable to obtain a stipulation from Defendants' counsel allowing amendment to the complaint. (Doc. 22-1, 2.) As such, Plaintiff filed the instant motion on May 1, 2014, seeking leave to file a FAC one day after the deadline for the parties to seek amendment to the pleadings as set forth in the Court's scheduling order.

In opposition, Defendants note that Plaintiff filed the motion on May 1, 2014, but dated the motion April 30, 2014, in the body of the pleading and in the proof of service. (Doc. 23. 9) Defendants correctly note Plaintiff's motion was untimely filed, but do not infer lack of diligence or delay by Plaintiff.

Although Plaintiff did not timely file its motion to amend, given that Plaintiff (1) sought the employee file through discovery beginning March 10, 2014; (2) granted an extension to Defendants to respond to Plaintiff's request for production on April 1, 2014; (3) requested a courtesy copy of Plaintiff's employee file on April 1, 2014; (4) received the employee file only two days prior to the deadline for amending the pleadings; and (5) was unable to obtain a stipulation from Defendants to file an amended complaint; the Court finds Plaintiff did not delay in seeking amendment. Plaintiff filed the motion three days after Plaintiff's counsel received Plaintiff's employee file, shortly after receiving the additional information necessary to file the amendment. (Doc. 22-1, 5.) Further, Plaintiff does not seek to modify the schedule, nor did Defendants indicate that a modification to the schedule was necessary regarding the December 1, 2014, deadline for non-expert discovery and the February 2, 2015, deadline for expert discovery. (*See* Doc. 19.)

In sum, the scope of amendment does not appear to require modifications to the discovery deadlines, and Plaintiff filed this motion only three days after receiving discovery sought since March 10, 2014, Plaintiff has been diligent in seeking amendment of the complaint. As such, the

4

Court turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607.

## B. Plaintiff's Amendment is Warranted Under Federal Rule of Civil Procedure 15(a)

### 1. Legal Standard

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party, and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)-(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id*. Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

### 2. Analysis

Plaintiff seeks to amend his complaint by (1) amending the first cause of action for wrongful termination in violation of public policy, and (2) adding a fifth cause of action under the California Business and Professions Code § 17200 *et seq*. (Doc. 22-1, 6.) Defendants contend that Plaintiff's motion should be denied because it is futile and would cause unnecessary delay. (Doc. 23, 3.)

5

### a. Prejudice to the Opposing Party

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).

Here, Defendants do not contend that the proposed amendment would result in prejudice, and fail to establish that it would cause a delay in the proceedings or additional expense so as to prejudice Defendants. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (nonmoving party bears burden of demonstrating why leave to amend should not be granted). Further, prejudice is unlikely because non-expert discovery extends until December 2014, and expert discovery extends until February 2015. *DCD Programs, Ltd.*, 833 F.2d at 187-88 (finding amendment not prejudicial where discovery commenced but was not yet closed, and no trial date was pending). Thus, this factor does not weigh against permitting amendment.

### b. Bad Faith in Seeking Amendment

Defendants do not argue that Plaintiff's motion to amend is made in bad faith. (Doc. 23.) At this juncture, the Court finds no evidence that Plaintiff is seeking to amend his complaint in bad faith. Thus, this factor does not weigh against amendment. See *DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

### c. Undue Delay

Plaintiff seeks leave to file a FAC based on newly discovered evidence. (Doc. 22-1, 6.) Defendants assert that Plaintiff should not be permitted to amend the complaint because there are no newly discovered facts; instead, the entire factual predicate for the new claims proposed has been known to Plaintiff since the inception of the litigation – and the proposed claims arising out of those facts were belatedly adopted by Plaintiff's counsel. (Doc. 23. 3-4.) *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (giving greater weight to undue delay factor where facts and theories sought to be added were known to moving party early in the litigation). Defendants

6

1 further assert that granting Plaintiff's motion would cause "unnecessary delay" (Doc. 23, p. 3), and claim Plaintiff's fifth cause of action under the California Business and Professions Code is "so separate and distinct from the issues raised by Plaintiff's other causes of action as to inevitably lead to jury confusion and unnecessarily exten[d] the time required for trial . . ." (Doc. 23, 13).

While undue delay is a factor for denying leave to amend, "[u]ndue delay by itself is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 757-58.  In addition, although leave to amend may be denied where the factual predicate underlying the amendment was known or should have been known at the time the original complaint was filed, this factor is generally coupled with other Foman factors that, in combination, overcome the strong presumption in favor of allowing amendment. *See McNally v. Eye Dog Foundation for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2010 WL 4723073 (E.D. Cal. Nov. 15, 2010); *see also Stein v. United Artists Corp.*, 691 F.2d 885, 889 (9th Cir. 1982) (district court's refusal to allow amendment affirmed where motion to amend was late, not based on new facts, and futile).  In *McNally*, the requested amendment was not based on newly discovered facts, the request for amendment came after a schedule had long been in place, the deadline for amendment had passed, the litigation had progressed such that discovery was nearly closed, a summary judgment motion had already been filed, and the trial date was approximately three months away. *McNally*, 2010 WL 4723073 at *10.  In *Stein*, the proposed amended complaint was submitted with a motion for reconsideration after the trial court had already granted motions to dismiss; it was based on new theories, not new facts; and, even considering the amended pleading, the plaintiff lacked standing and the amendment was futile. *Stein*, 691 F.2d at 898.

Here, Defendants note that Plaintiff's counsel represented Plaintiff in bringing his worker's compensation claim against Defendants before the Workers' Compensation Appeals Board in 2011. (Doc. 23, 4.)  Therefore, Plaintiff's counsel was aware of the issues surrounding Plaintiff's termination since 2011, well before receipt of Defendants' discovery responses.  (Doc. 23, 4.) Plaintiff responds that upon reviewing the employee file received in discovery, new information contained within the file identified additional underlying statutory violations supporting Plaintiff's first cause of action, and the newly revealed statutory violations also support a fifth cause of

7

action. (Doc. 22-1, 5-6; Doc. 24, 2-3.) The exhibits attached to Plaintiff's motion include emails between Defendants' agents that are part of Plaintiff's employee file, which plausibly provide new facts and a basis to amend claims or state additional causes of action. (Doc. 24, 2-3; s*ee, e.g.* Doc. 22-1, Exh. 5 at 7.) While Defendants contend that Plaintiff was aware of the facts related to Plaintiff's underlying injury since August 2011, they do not assert Plaintiff already had the employee file recently produced. (Doc. 23, 4.) In his response, Plaintiff confirms that he only learned of the correspondence which is the basis for his amendment three days prior to filling the motion. (Doc. 24, 3.)

In contrast to *McNally* and *Stein*, here, Plaintiff has offered a plausible explanation why these claims were not included in the original complaint; the discovery received on April 28, 2014, contained emails from Plaintiff's employee file providing new information. Additionally, any delay in this case is not coupled with other *Foman* factors such that amendment should be disallowed – particularly in light of the presumption in favor of amendment. Here, Plaintiff asserts that Defendants' production revealed new bases for its claims and, although Plaintiff's motion was one day late, as discussed above, he filed the motion three days after receipt of the discovery materials. Moreover, discovery has recently begun, no other motions have been filed, and the trial date is 15 months away. Thus, this factor does not weigh against granting the amendment.

### d. Futility of Amendment

Plaintiff's motion and proposed FAC describe two changes to its original complaint. First, Plaintiff seeks to amend his first cause of action for wrongful termination in violation of public policy (hereafter, "*Tameny* claim").[1] Plaintiff contends that due to facts learned in discovery, Plaintiff's *Tameny* claim may rest upon violations of California's Fair Employment and Housing Act ("FEHA")[2] rather than violation of California Labor Code § 132A as initially pled. Second,

---

[1] In the case of *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court held that at-will employees may recover tort damages if they can demonstrate that they were discharged in violation of a fundamental public policy. These claims are commonly referred to as *Tameny* claims. Plaintiff's first cause of action in both the original complaint and the proposed FAC is a *Tameny* claim, although the former is based on a violation of the California Labor Code while the latter is based on a violation of California's Fair Employment and Housing Act, Gov. Code §§ 12940 (a), (h), (k), (m), and (n).

[2] Specifically, violations of California Government Code §§ 12940 (a), (h), (k), (m), and (n).

8

based on the alleged FEHA statutory violations, Plaintiff seeks to add a fifth cause of action under the California Business and Professions Code § 17200 *et seq.* (Doc. 22, 6.)

Defendants assert that Plaintiff's new FEHA-based *Tameny* claim is futile because: (1) it is barred by the statute of limitations, and (2) it does not relate back to the California Labor Code-based *Tameny* claim because the two claims are not connected by a common core of operative facts. (Doc. 23, pp. 6, 10.) Further, Defendants contend Plaintiff's proposed California Business and Professions Code claim is futile because Plaintiff fails to articulate any facts previously unknown that necessitate the filing of an amended complaint. (Doc. 23, 13.)

Although the validity of the proposed amendment is not typically considered by courts in deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). The test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010), citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). "[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer,* 622 F.3d at 1041, *quoting Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Further, a complaint may be dismissed under Rule 12(b)(6) if it was filed outside of the applicable statute of limitations and "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

### i. Defendants do not establish Plaintiff's *Tameny* claim is futile

Defendants assert Plaintiff's proposed FEHA-based *Tameny* claim is futile because the statute of limitations on a FEHA claim is one year, while the statute of limitations on a *Tameny* claim is two years, and therefore the clock has run on the proposed *Tameny* claim. Further, Defendants assert the claim cannot be saved by relating back to the original filing because the new claim is not based on a common core of operative facts as the original California Labor Code-

1  based *Tameny* claim.  (Doc. 23.)  Plaintiff replies that the statutory basis of a *Tameny* claim does
2  not affect its statute of limitations; all *Tameny* claims regardless of statutory basis are governed by
3  the two-year statute of limitations for wrongful termination in violations of public policy; and the
4  proposed amended claim relates back to the original filing date because it arises from the same
5  core of operative facts as the original *Tameny* claim.  (Doc. 24, pp. 4, 9.))

6  Granting leave to amend is futile where an added claim would be barred by the statute of
7  limitations.  *Navarro v. Eskanos & Adler*, C 06-02231 WHA, 2006 WL 3533039 (N.D. Cal. Dec.
8  7, 2006) (citing *Deutsch v. Turner Corp.,* 324 F.3d 692, n. 20 (9th Cir. 2003)).   Later-added
9  claims, however, are timely filed if they relate back to the original pleadings under FRCP 15(c)(2).
10 The rule provides that "an amendment of a pleading relates back to the date of the original
11 pleading when (1) relation back is permitted by the law that provides the statute of limitations
12 applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of
13 the conduct, transaction, or occurrence set forth or attempted to be set forth in the original
14 pleading . . . ."  FRCP 15(c).

15 Here, Defendants correctly note that Plaintiff's proposed FAC replaces the statutory basis
16 for Plaintiff's *Tameny* claim.  Although Plaintiff's motion indicates the information learned in
17 discovery allows it to allege "*additional* statutory violations" supporting its *Tameny* claim (Doc.
18 22-1, 7) (emphasis added), an examination of the proposed FAC demonstrates Plaintiff removed
19 its initial statutory basis for the claim, California Labor Code § 132A, relying instead on alleged
20 FEHA violations (Doc. 22-2, 6-9).  However, Plaintiff's first cause of action in both the proposed
21 FAC and the original complaint remains a *Tameny* claim.  (Docs. 22, 24.)

22 California law is clear that a FEHA violation may support a *Tameny* claim.  *Rangel v. Am.*
23 *Med. Response W.*, 1:09-CV-01467-AWI, 2013 WL 1785907 (E.D. Cal. Apr. 25, 2013) (citing
24 *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1160–61 (1998)).  A *Tameny* claim is a
25 common law cause of action for wrongful termination in violation of public policy which has a
26 two-year statute of limitations, regardless of its statutory basis.  Cal. Code Civ. Pro. § 335.1.
27 Here, Plaintiff timely filed his complaint less than two years after his termination by Defendants.
28 (Doc. 22.)  The basis for the *Tameny* claim, whether FEHA or the California Labor Code, does not

alter the claim's statute of limitations.  In addition, even if the statute of limitations had run, the new claim would relate back to the original filing date, as both the original California Labor Code and the proposed FEHA bases for the *Tameny* claim stem from a common core of operative facts: those surrounding Plaintiff's termination by Defendants.  Defendants have not established that Plaintiff's FEHA claim would not relate back to the originally pled *Tameny* claim under the California Labor Code.

### ii. Defendants have not established Plaintiff's fifth cause of action is futile

In a one-paragraph argument, Defendants state Plaintiff's proposed fifth cause of action under California's Business and Professions Code would be futile.  Defendants contend that because Plaintiff fails to articulate any facts previously unknown that necessitate the filing of an amended complaint, the claim would inevitably lead to jury confusion and unnecessarily extend the trial time. (Doc. 23, 13.)   Defendants' arguments are vague and do not demonstrate any basis for the Court to find that Plaintiff's fifth cause of action would be futile. (Doc. 23, 13.)

### e. Conclusion

Plaintiff has pled facts in the proposed FAC which, if proven at trial, could result in liability of Defendants. *See DCD Programs*, 833 F.2d at 190 (Reversing district court's decision to deny motion to amend because, "[a]ppellants have pleaded facts in their proposed fourth amended complaint which, if proven at trial, would result in liability . . ."). Defendants have not established Plaintiff's claims lack sufficient factual matter to state a facially plausible claim for relief, nor have they conclusively established that Plaintiff's claim is barred by the statute of limitations or fails to relate back to the filing date of the complaint.  Further, to the extent Defendants contend Plaintiff's claim is barred by the statute of limitations, such a matter is more appropriate for the Court's decision on a dispositive motion.  For the above reasons, Plaintiff's proposed amendment is not futile.

///

///

///

### III.  CONCLUSION

Plaintiff has shown good cause and has been diligent in seeking amendment of the complaint.  Further, Defendants have not established that they will be prejudiced if Plaintiff is allowed to amend.  There is no objective evidence in the record that Plaintiff's amendment is sought in bad faith, as a credible reason to amend the complaint is provided.  Despite the fact that the motion was filed a day late, Plaintiff filed the motion three days after receipt of discovery; thus, the proposed amendment is neither the product of, nor likely to cause, undue delay.  Finally, Defendants have not established conclusively that the proposed amendment is futile.

As such, Plaintiff's motion to file an amended complaint is GRANTED.

### IV. ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;
2. Plaintiff may file an amended complaint that comports to the proposed First Amended Complaint attached as an exhibit to their motion (Doc. 22-2) within three (3) days from the date of this order; and
3. Defendants shall file an amended answer as required by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  **June 3, 2014**                                  **/s/ Sheila K. Oberto**
                                                                                 UNITED STATES MAGISTRATE JUDGE