UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SARGIS SARKIZI,**<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>**GRAHAM PACKAGING CO., and DOES 1-25,**<br><br>　　　　　　Defendant | CASE NO. 1:13-CV-1435 AWI SKO<br><br>**ORDER ON DEFENDANT'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING and ORDER TO SHOW CAUSE**<br><br>(Doc. No. 28) |

　　This is an employment related dispute between Plaintiff Sargis Sarkizi and his former employer, Defendant Graham Packaging Co. ("Graham"). On June 3, 2014, Magistrate Judge Oberto granted Sarkizi's motion to file an amended complaint. See Doc. No. 26. For purposes of this order, the First Amended Complaint ("FAC") is different from the Original Complaint ("OC") in two key respects: Sarkizi's wrongful termination in violation of public policy claim now relies on policies found in the Fair Employment and Housing Act (Cal. Gov. Code § 12900 et seq. ("FEHA")), and an unfair competition claim (Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")) has been added that also relies on violations of FEHA. See Doc. No. 27. Graham timely moved for reconsideration of the Magistrate Judge's order, Sarkizi filed an opposition, and Graham filed a reply. After considering the briefing and arguments of the parties, the Court will deny Graham's motion and issue an order to show cause regarding a failure to state a claim.

## **RULE 72 FRAMEWORK**

　　A district court may refer pretrial matters to a magistrate judge under 28 U.S.C. § 636 (b)(1). See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the

ruling under the "clearly erroneous or contrary to law" standard.  Fed. R. Civ. Pro. 72(a); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991).  A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003); F.D.I.C. v. Fidelity & Deposit Co. of Md., 186 F.R.D 375, 378 (S.D. Cal. 2000).  However, the district court "may not simply substitute its judgment for that of the deciding court."  Grimes, 951 F.2d at 241.  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir.1992); Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011); Green, 219 F.R.D. at 489.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Khaldei v. Kaspiev, 961 F.Supp.2d 572, 575 (S.D. N.Y. 2013); Morgal v. Maricopa Cnty. Bd. of Supervisors, 284 F.R.D. 452, 459 (D. Ariz. 2012); Jadwin, 767 F.Supp.2d at 1011. Absent exceptional circumstances, a district court need not entertain arguments raised for the first time in a request for reconsideration of a magistrate judge's order or recommendation.  See Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 638-39 (9th Cir. 1988);[1] Friends of the Wild Swan v. Christiansen, 955 F.Supp.2d 1197, 1201 (D. Mont. 2013); Klayman v. Judicial Watch, Inc., 628 F. Supp. 2d 84, 94-95 (D.D.C. 2009); Williamson v. Horizon Lines, LLC, 248 F.R.D. 79, 83 (D. Me. 2008); Harrington v. Wilber, 384 F.Supp.2d 1321, 1324-25 (S.D. Iowa 2005).

### DEFENDANT'S REQUEST

**1.      First Cause of Action – Wrongful Termination In Violation Of Public Policy**

*Defendant's Argument*

Graham argues that the Magistrate Judge erred in permitting Sarkizi to modify his wrongful discharge claim.  In the OC, the wrongful termination claim was based on a violation of

---

[1] Overruled on other grounds, United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992).

2

the policy in Labor Code § 132a. Now, the FAC's wrongful termination claim drops reference to Labor Code § 132a and relies on the public policy against disability discrimination in FEHA. However, where a FEHA claim fails, a wrongful termination claim based on the FEHA also fails. Here, any FEHA claim is barred by the one-year limitations period of FEHA § 12965. In *Stevenson v. Superior Ct.*, 16 Cal.4th 880 (1997), the California Supreme Court held that a common law wrongful termination claim that relies on a statutory prohibition is subject to the non-procedural limitations of the statute. *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal.App.4th 1402 (2013) and *Williams v. Pacific Mut. Life Ins. Co.*, 186 Cal.App.3d 941 (1986) have recognized that § 12965's one-year limitations period is substantive, not procedural. Because Sarkizi cannot meet § 12965's limitation period, the FEHA based wrongful termination claim fails and an amendment to add such a claim would be futile.

Alternatively, even if the one year limitations period did not apply, a wrongful termination claim based on FEHA would not relate back to the OC. The relation back doctrine is necessary because more than two years have now passed since Sarkizi's termination. Relation back does not apply because Sarkizi's FEHA based wrongful termination claim is factually and legally different from the wrongful termination claim in the OC. The FAC adds over 30 new paragraphs and deletes twelve previously included paragraphs. Further, while the OC's objective was to focus on Graham's motivation for the termination, the FAC's wrongful termination claim now requires analysis and discovery surrounding the events that occurred prior to discharge. The central question will now be whether Graham complied with California's disability laws prior to termination. Further, the new FEHA based wrongful termination claim will require Sarkizi to prove different elements than the prior Labor Code § 132a based wrongful termination claim.

### *Plaintiff's Opposition*

Sarkizi argues *inter alia* that the Magistrate Judge was correct. As recognized by the Magistrate Judge, the statute of limitation for a common law wrongful termination claim is two years. The *Williams* case is distinguishable because it is only a FEHA case. In contrast, no FEHA claim is being raised in this case, only a common law wrongful discharge claim. Graham has cited no authority that supports its argument that the FEHA limitations period applies in this case.

*Discussion*

a.    § 12965 Limitation Period

FEHA contains two one-year limitations periods: a one-year period to file a complaint with the Department of Fair Employment and Housing ("DFEH") and a one-year period in which to file a lawsuit following the issuance of a right to sue letter from the DFEH. See Cal. Gov. Code §§ 12960(d), 12965(b); Kanbar v. O'Melveny & Myers, 849 F.Supp.2d 902, 909 n.1 (N.D. Cal. 2011). The statute of limitations for a common law claim of wrongful discharge in violation of public policy is two years. See Cal. Code Civ. P. § 335.1; Mathieu v. Norrell Corp., 115 Cal.App.4th 1174, 1189 n.14 (2004). The dispute between the parties is how, if at all, the § 12965 one-year limitations period interacts with the two-year limitations period for a common law wrongful discharge claim. The Magistrate Judge held that the two-year limitations period applied to this case. See Doc. No. 26. After considering the parties' arguments, the Court agrees with the Magistrate Judge.

The public policy against disability discrimination that is reflected in FEHA may serve as the basis for a common law wrongful discharge claim. City of Moorpark v. Superior Ct., 18 Cal.4th 1143, 1160-61 (1998). However, that a public policy in FEHA is utilized in a common law wrongful discharge claim does not mean that every aspect of FEHA will limit the common law claim. See Stevenson v. Superior Ct., 16 Cal.4th 880, 902-06 (1997). Rather, only those aspects of FEHA that limit the nature and the scope of the particular policy/prohibition will impact the common law claim. See Esberg v. Union Oil Co., 28 Cal.4th 262, 272 (2002); Stevenson, 16 Cal.4th at 904. "When a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful discharge in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition, but the common law claim is not subject to statutory procedural limitations affecting only the availability and scope of nonexclusive statutory remedies." Esberg, 28 Cal.4th at 272; Stevenson, 16 Cal.4th at 904. In other words, the viability of a common law wrongful discharge claim based on the FEHA "is tethered to the meaning of the FEHA." Estes v. Monroe, 120 Cal.App.4th 1347, 1355 (2004). Under this approach, a plaintiff utilizing FEHA as the basis of a common law wrongful

4

discharge claim need not exhaust the administrative remedies under FEHA, see Stevenson, 16 Cal.4th at 904-05, nor is the plaintiff required to meet the one-year limitations period under FEHA § 12965(b).  Wade v. Ports America Management Corp., 218 Cal.App.4th 648, 656 (2013).

Graham cites to and relies on the key language in *Stevenson*, i.e. a statute's substantive limitations apply to common law wrongful discharge claims but procedural limitations do not. However, Graham does not cite the portion of *Stevenson* that actually applies this principle.  The *Stevenson* court explained:

> Under the rule as thus stated, a common law tort claim for wrongful termination in violation of the public policy against age discrimination articulated in the FEHA is subject to the FEHA's exemption for small-scale employers because that exemption is a limitation affecting the nature and scope of the age discrimination prohibition. Simply put, employers regularly employing fewer than five persons cannot violate the FEHA's prohibition against age discrimination in employment because that prohibition does not apply to them. So too, a worker must be "over the age of 40" at the time of the alleged discrimination to rely upon the FEHA's policy against age discrimination in employment because the over-40 limitation of the FEHA . . . is a statutory limitation affecting the nature and scope of the statutory prohibition.
>
> By contrast, a common law tort claim for wrongful termination in violation of the public policy against age discrimination articulated in the FEHA is not subject to the FEHA's requirement that an employee exhaust administrative remedies before seeking judicial relief because that requirement does not affect the nature and scope of the prohibition but only the availability and scope of the statutory remedies. *An employee's post-termination failure to exhaust administrative remedies has no bearing on whether the termination violated the public policy expressed through the statutory prohibition against age discrimination*, and thus the employee's post-termination administrative default does not preclude assertion of a nonstatutory tort claim for wrongful termination in violation of public policy.

Stevenson, 16 Cal.4th at 904-05 (emphasis added).

What the *Stevenson* court identified as important limitations were those limitations that helped define the policy at issue.  Cf. Estes, 120 Cal.App.4th at 1355.  In the example provided, the policy embodied by the FEHA was a policy against employers of at least five employees engaging in age discrimination against those over 40 years of age.  See id.  Whether a terminated employee exhausted administrative remedies would not affect that policy, but whether an employer employed only three employees or whether the employee was only 30 years old would.

As quoted, *Stevenson* expressly holds that a common law wrongful discharge plaintiff is not required to exhaust FEHA's administrative remedies.  Exhaustion of administrative remedies under FEHA entails the timely filing of an administrative complaint with the DFEH (§ 12960), as

well as procuring a right to sue letter (§ 12965). See Romano v. Rockwell Inter'l, Inc., 14 Cal.4th 479, 492 (1996); Kim v. Konad USA Distribution, Inc., 226 Cal.App.4th 1336, 1345 (2014). Therefore, the requirements that a FEHA plaintiff timely file a complaint with the DFEH and obtain a right to sue letter play no role in a common law wrongful termination claim. Cf. Stevenson, 16 Cal.4th at 904-05; Wade, 218 Cal.App.4th at 656 with Romano, 14 Cal.4th at 492.

Because exhaustion of administrative remedies is a procedural limitation, the § 12965(b) one-year limitation period cannot be anything other than a procedural limitation for purposes of a common law wrongful discharge claim. Like the FEHA administrative exhaustion requirement, whether an employer violated the FEHA policy against disability discrimination will not depend on whether the plaintiff has filed a lawsuit within one-year of obtaining a right to sue letter. Cf. Stevenson, 16 Cal.4th at 905. Moreover, the § 12965(b) one-year limitations period depends on obtaining a right to sue letter, and the right to sue letter is dependent on filing a DFEH complaint. If a DFEH complaint is never filed, then the § 12965(b) limitation will never arise, see Cal. Gov. Code § 12965, and a common law wrongful discharge plaintiff is not required to file a DFEH complaint or obtain a right to sue letter. Stevenson, 16 Cal.4th at 904-05; Romano, 14 Cal.4th at 492; Wade, 218 Cal.App.4th at 656. If a common law wrongful discharge plaintiff is not subject to these predicate administrative requirements, then it stands to reason that the plaintiff also will not be subject to the § 12965(b) one-year limitations period. See Wade, 218 Cal.App.4th at 656.

The Court does not find *Williams* or *Acuna* persuasive. *Williams* pre-dates *Stevenson*, and was a pure FEHA case that did not involve or discuss a common law claim for wrongful discharge in violation of public policy. See Williams, 186 Cal.App.3d at 944. Further, in holding that § 12965 was a substantive requirement of FEHA, *Williams* relied largely on *Strauss v. A.L. Randall Co.*, 144 Cal.App.3d 514 (1983)'s application of the "new right-exclusive remedy" doctrine to FEHA. See id. at 949. However, *Stevenson* disapproved of *Strauss*'s application of the "new right-exclusive remedy" doctrine to FEHA. See Stevenson, 16 Cal.4th at 900-01. To the extent that *Stevenson* and its rationale are inconsistent with *Williams*, *Stevenson* governs, and application of *Stevenson* does not support Graham. As for *Acuna*, that case did cite *Williams* when discussing the FEHA, and later cited *Stevenson* when discussing a common law wrongful

6

1  termination claim.  See Acuna, 213 Cal.App.4th at 1413, 1420.  However, *Acuna* did not cite or
2  discuss how *Stevenson* actually applied the substantive--procedural rule, nor did *Acuna* explain
3  how the § 12965(b) one-year limitations period could apply when a common law wrongful
4  termination plaintiff need not exhaust FEHA administrative remedies.  The Court declines to
5  follow *Acuna*, and will follow *Stevenson* and *Wade* instead.

6       In sum, the Court finds that the Magistrate Judge correctly concluded that Sarkizi's
7  common law wrongful termination claim is not barred by either of FEHA's one-year limitation
8  periods.  Reconsideration on this basis will be denied.

9       b.     Relation Back

10       "An otherwise time-barred claim in an amended pleading is deemed timely if it relates
11  back to the date of a timely original pleading."  Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d
12  999, 1004 (9th Cir. 2014).  In other words, the relation back doctrine is a bar to a statute of
13  limitations defense.  Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 979 (9th Cir. 1988).  Under
14  Federal Rule of Civil Procedure 15, an "amendment to a pleading relates back to the date of the
15  original pleading when: . . . the amendment asserts a claim or defense that arose out of the
16  conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."
17  Fed. R. Civ. P. 15(c)(1)(B); Asarco, 765 F.3d at 1004.  Rule 15(c)'s relation back doctrine is to be
18  liberally applied.  See Asarco, 765 F.3d at 1005; Clipper Exxpress v. Rocky Mountain Motor
19  Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982).  In determining whether the relation
20  back doctrine applies, the court compares the original complaint with the amended complaint and
21  decides whether the claim to be added will likely be proved by the "same kind of evidence"
22  offered in support of the original pleading.  Asarco, 765 F.3d at 1004; Percy, 841 F.2d at 978.  The
23  court considers whether the "allegations of a new theory in an amended complaint . . . involve[]
24  the same transaction, occurrence, or core of operative facts involved in the original claim."  Percy,
25  841 F.2d at 978; Clipper Exxpress, 690 F.2d at 1259 n.29; see Asarco, 765 F.3d at 1005.
26  "Fairness to the defendant demands that the defendant be able to anticipate claims that might
27  follow from the facts alleged by the plaintiff."  Asarco, 765 F.3d at 1005; Percy, 841 F.2d at 979.
28  However, "a plaintiff need only plead the general conduct, transaction, or occurrence to preserve

its claims against a defendant." Asarco, 765 F.3d at 1006.  When a defendant is notified of litigation concerning a particular transaction or occurrence, "the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement."  Id. (quoting Barthel v. Stamm, 145 F.2d 487, 491 (5th Cir. 1944)).  The exact contours of the plaintiff's claims, i.e. "the facts that will ultimately be alleged and the final scope of relief that will be sought, can and should be sorted out through later discovery and amendments to the pleadings." Asarco, 765 F.3d at 1006.

Here, the relation back issue is important because by the time the FAC was filed, more than two years had passed since Sarkizi's termination.  Application of the relation back doctrine eliminates the statute of limitations bar, and the Magistrate Judge concluded that the relation back doctrine applied because the first cause of action in the FAC is based on the same transaction or occurrence identified in the OC, the termination.  See Doc. No. 26.  After reviewing the allegations in the OC and in the FAC, the Court agrees with the Magistrate Judge.

As the name of the first cause of action suggests, the occurrence at issue is the termination. The principle difference between the OC's first cause of action and FAC's first cause of action is the source of the policy that was violated.  In the OC, Sarkizi made allegations that challenged Graham's motivation for the termination, cited Labor Code § 132a as creating a policy against discrimination against workers who suffer work related injuries, described when Sarkizi's injuries occurred, alleged that Sarkizi was not reasonably accommodated, alleged that Sarkizi suffered discrimination and harassment because he suffered a work related injury, alleged that Sarkizi was terminated despite being able to perform the essential functions of his job, alleged that Sarkizi was terminated because of his injury, and alleged that it was improper to terminate a worker solely because of disability.  See OC ¶¶ 18-25.  Also, the OC cited to several provisions of the FEHA with respect to the definition of employee, venue, and jurisdiction.  See OC at pp. 1-2.

There is clearly fair notice to Graham that the termination is the key occurrence, and that the termination was improper because Graham was motivated by Sarkizi's injuries and resulting condition.  See  Asarco, 765 F.3d at 1005; Percy, 841 F.2d at 979.  The FAC's first cause of action

retains the focus on the termination and rests on core facts that were disclosed in the OC, i.e. the termination, Sarkizi's injury, the refusal to accommodate, harassment, and the ability to perform essential job functions. See OC ¶¶ 18-25; FAC ¶¶ 10-29; see also Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983) ("There is a factual nexus between the discrimination claims . . . added by amendment . . . and [the plaintiffs'] complaint of arbitrary dismissal. . . . Both concern the events leading up to their termination . . ., and in both the termination was the ultimate wrong of which they complained.").[2] While perhaps not identical, the same "kind of evidence" would be used to prove the first cause of action in both the OC and the FAC. Asarco, 765 F.3d at 1004; Percy, 841 F.2d at 978. Although there was no express allegation that Sarkizi was disabled, and the OC did not reference FEHA under the first cause of action, the OC's allegations readily implicate FEHA's prohibition against disability discrimination. The FAC's additional allegations under the first cause of action are merely the result of the discovery process sifting through the circumstances surrounding the termination. See Asarco, 765 F.3d at 1006; Barthel, 145 F.2d at 491.

In sum, because the first cause of action in the FAC arises out of the same occurrence as the first cause of action in the OC, the Magistrate Judge correctly concluded that the relation back doctrine applies. See Fed. R. Civ. P. 15(c)(1)(B); Asarco, 765 F.3d at 1004-06; Percy, 841 F.2d at 978-80; Grattan, 710 F.2d at 163.

**2.     Fifth Cause of Action -- UCL**

*Defendant's Argument*

Graham argues that Sarkizi may not utilize the UCL to plead around an absolute bar to relief by recasting the underlying claim as a UCL claim. The FAC alleges an unfair or unlawful business practice of disability discrimination in violation of FEHA. For the same reasons that Sarkizi's FEHA based wrongful termination claim is barred by the FEHA one-year limitations period, so too is the FAC's UCL claim. Permitting such an UCL claim is futile.

Further, the FAC's allegations regarding "unfairness" indicate that Sarkizi was terminated

---

[2] This portion of *Grattan* was identified by the Ninth Circuit as an example of when the relation back doctrine has been applied. See Percy, 841 F.2d at 980.

9

or retaliated against because of his disability and his pursuit of worker's compensation.  However, the FAC does not identify a specific legislative pronouncement or statute.  The FAC merely reference "California laws governing labor and employment issues."  To the extent that FEHA is being invoked, such a claim is barred by the FEHA one-year limitations period.  To the extent that other laws are being invoked, the FAC's allegations are too ambiguous to provide proper notice and do not state a plausible claim.

*Plaintiff's Opposition*

Sarkizi argues that arguments raised against the UCL claim were not raised before the Magistrate Judge.  Graham should not be permitted to make new arguments that were not previously made.

Sarkizi also argues that the California Supreme Court has recognized that the UCL's four-year limitations period is absolute and admits of no exceptions, even if a UCL claim relies on a statute that has a shorter limitations period.  The UCL claim alleged in the FAC fits within the four-year UCL limitations period.

*Discussion*

The statute of limitations for a UCL cause of action is four years.  See Cal. Bus. & Prof. Code, § 17208; Loeffler v. Target Corp., 58 Cal.4th 1081, 1130 (2014); Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 178–79 (2000).  The four-year limitations period applies to "any action to enforce any cause of action" under the UCL, and it admits of no exception. Cortez, 23 Cal.4th at 178-79; Blanks v. Seyfarth Shaw LLP, 171 Cal.App.4th 336, 364 (2009); In re Vaccine Cases, 134 Cal.App.4th 438, 458 (2005).  The UCL's four-year statute of limitations always applies to UCL claims, even if a predicate statutory violation has a shorter limitations period.  Ra Med. Sys. v. PhotoMedex, Inc., 373 Fed. Appx. 784, 786 (9th Cir. 2010); Nano-Second Tech. Co. v. Dynaflex Int'l, 2013 U.S. Dist. LEXIS 62611, *16 (C.D. Cal. May 1, 2013); Groce v. Claudat, 2013 U.S. Dist. LEXIS 61699, *6 (S.D. Cal. Apr. 30, 2013); Loeffler, 58 Cal.4th at 1130; Cortez, 23 Cal.4th at 179; Blanks, 171 Cal.App.4th at 364; In re Vaccine, 134 Cal.App.4th at 458.  Accordingly, neither of FEHA's one-year limitations periods apply to

1 Sarkizi's UCL claim, and the Magistrate Judge committed no error. See id.[3]

2 With respect to Graham's "pleading notice" argument, the Court is not persuaded. This argument was not made to the Magistrate Judge, see Doc. No. 23, and there is no explanation for why this argument was not presented to the Magistrate Judge. Therefore, the Court declines to consider it. See Greenhow, 863 F.2d at 638-39; Christiansen, 955 F.Supp.2d at 1201; Klayman, 628 F.Supp.2d at 94-95; Williamson, 248 F.R.D. at 83; Harrington, 384 F.Supp.2d at 1324-25.

In sum, because the UCL's four year limitation applies to Sarkizi's UCL claims, see Loeffler, 58 Cal.4th at 1130, and because Graham failed to make a "pleading notice" argument to the Magistrate Judge, see Klayman, 628 F.Supp.2d at 94-95, Graham has not shown that the Magistrate Judge's order was clearly erroneous or contrary to law.

## FEHA EXHAUSTION & THE UCL

The UCL prohibits "unfair competition," which is defined to mean any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; In re Tobacco II Cases, 46 Cal.4th 298, 311 (2009). For claims based on "unlawful" conduct, the UCL "borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable . . . and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Superior Ct., 2 Cal.4th 377, 383 (1992). If a plaintiff alleges violations of a statute for a UCL cause of action, then that cause of action "is 'unlawful' rather than 'unfair' or 'deceptive.'" In re Vaccine, 134 Cal.App.4th at 457; see Asencio v. Miller Brewing Co., 283 Fed. Appx. 559, 561 (9th Cir. 2008).

Here, the FAC alleges conduct that violated the "unlawful" and the "unfair" prongs of the UCL. See FAC pp. 17-20. Under the "unlawful" section, the FAC expressly alleges that Graham violated five separate provisions of FEHA: § 12940(a) - discrimination, § 12940(h) - retaliation, § 12940(k) - failure to prevent harassment or discrimination, § 12940(m) - failure to accommodate,

---

[3] The Court notes that Graham's counsel did not cite any of the cases that hold the UCL's four year limitations period strictly applies, even when a predicate statute provides for a shorter limitations period. Although not a FEHA case, *Loeffler* is a 2014 California Supreme Court case, and its parenthetical explanation of *Cortez* is particularly damaging to Graham's UCL arguments. Further, *Cortez* was cited by Sarkizi in opposition. The Court reminds all counsel of the duty to cite the Court to controlling authority, even when that authority is contrary to a litigant's position.

and § 12940(n) - failure to engage in an interactive process. See FAC ¶ 70. The allegations under the "unfair" section are extremely similar to those under the "unlawful" prong. Instead of listing the specific FEHA provision, the FAC describes what happened to Sarkizi in terms that implicate FEHA. Paragraph 63 identifies as "unfair practices" the following: discrimination, retaliation, failure to accommodate, and failure to properly supervise an employee who was discriminating against Sarkizi. See FAC ¶ 63; cf. Cal. Gov. Code § 12940; FAC ¶ 70. The FAC also alleges that the utility of Graham's actions and omissions were significantly outweighed by the gravity of the harm suffered by Sarkizi, and that the public is deceptively led to believe that Graham provides a fair, safe, and legally sufficient work environment. See FAC ¶¶ 64, 65. Specifics are not identified in terms of the utility of Graham's actions (FAC ¶ 64) or the public's perception (FAC ¶ 65), but the FAC reads as if the two theories relate to the conduct identified in Paragraph 63.

Taken in total, it appears that the FAC's "unfair" UCL claim is simply a recast version of the "unlawful" UCL claim. In other words, despite the FAC's labels, the allegations indicate that Sarkizi's UCL claims are based on violations of FEHA, and thus the cause of action is actually just an "unlawful" UCL claim. See In re Vaccine, 134 Cal.App.4th at 457. Viewing the FAC as making "unlawful" UCL claims based on FEHA violations, there are significant problems.

As discussed above, a FEHA plaintiff is required to exhaust administrative remedies, meaning a plaintiff is required to timely file a complaint with the DFEH and obtain a right to sue letter. See Romano, 14 Cal.4th at 492; Kim, 226 Cal.App.4th at 1345. A plaintiff "must exhaust the FEHA administrative remedies before bringing suit on a cause of action under [FEHA] or seeking the relief provided [by FEHA] . . . ." Rojo v. Kliger, 52 Cal.3d 65, 88 (1990); see also McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 106 (2008). There are no allegations in the FAC that Sarkizi exhausted the FEHA administrative remedies.

Where the basis for a UCL claim is an underlying statutory violation, the plaintiff must comply with the underlying statute's exhaustion requirements. See Asencio v. Miller Brewing Co., 283 Fed. Appx. 559, 561-62 (9th Cir. 2008); Vasconcellos v. Sara Lee Bakery, 2013 U.S. Dist. LEXIS 166639, *13 (N.D. Cal. Nov. 21, 2013); In re the Vaccine, 134 Cal.App.4th at 458-59. A plaintiff cannot use the UCL to "plead around" an "absolute bar to relief." Cel-Tech

Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 182 (1999); In re Vaccine, 134 Cal.App.4th at 458-59.  If Sarkizi did not exhaust the FEHA administrative remedies, then he cannot plead around that requirement by utilizing the UCL.  See Asencio, 283 Fed. Appx. at 561-62 (holding that failure to exhaust FEHA remedies precluded a UCL claim based on FEHA);[4] In re Vaccine, 134 Cal.App.4th at 458-59.

The parties have not raised or addressed the issues of exhaustion of FEHA administrative remedies or whether Sarkizi's "unfair" UCL claim is anything other than a recast "unlawful" UCL claim based on FEHA violations.  These issues are significant and determine whether Sarkizi has stated a valid UCL claim.  Before dismissing the UCL claims, it is appropriate to give the parties the opportunity to brief the relevant issues.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (holding that a court may raise the adequacy of a pleading sua sponte, but generally must give the plaintiff an opportunity to respond before dismissal); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (same).

## CONCLUSION

Graham requests review and reconsideration of the Magistrate Judge's order that permitted the filing of the FAC.  The grounds raised by Graham do not show that the Magistrate Judge's order was clearly erroneous or contrary to law.  With respect to the common law wrongful discharge in violation of public policy claim, the Magistrate Judge correctly held that the FEHA one-year limitations period does not apply.  The Magistrate Judge also correctly held that the FEHA claim related back to the date that the OC was filed.  With respect to the UCL claim, the Magistrate Judge's order was not clearly erroneous because the FEHA one year limitations periods do not apply to UCL claims.  Also, Graham did not argue before the Magistrate Judge that the FAC's UCL related allegations were too ambiguous or that they failed to state a plausible claim.  Reconsideration of the Magistrate Judge's order will be denied.

However, the Court may raise pleading deficiencies *sua sponte*.  Because it appears that

---

[4] The Court notes that *Asencio* found no problem with requiring FEHA exhaustion for purposes of a UCL claim, but not requiring FEHA exhaustion for purposes of a common law wrongful discharge in violation of public policy claim. See Asencio, 283 Fed. Appx. at 561 n.1.

Sarkizi is relying on FEHA statutory violations to support his UCL cause of action, and because it does not appear that Sarkizi exhausted the FEHA administrative remedies, it is appropriate for Sarkizi to show cause why the UCL cause of action should not be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for reconsideration is DENIED;
2. The First Amended Complaint (Doc. No. 27) is deemed FILED and is now the operative complaint;
3. Plaintiff is to show cause in writing on <u>or before</u> November 24, 2014, why the fifth cause of action in the First Amended Complaint should not be dismissed, as discussed above;
4. On or before December 5, 2014, Defendant may file an opposition; and
5. On or before December 12, 2014, Plaintiff may file a reply.

IT IS SO ORDERED.

Dated: __November 12, 2014__   _____
                                SENIOR DISTRICT JUDGE